WILLIAM EARL BINKLEY and LEWIS RAYMOND PRIOR,
Plaintiffs in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

407 S.W. 2d 169.

(*Nashville,* December Term, 1965.)

Opinion filed October 3, 1966.

CHARLES GALBREATH, Nashville, for plaintiffs in error.

GEORGE F. McCANLESS, Attorney General, EDGAR P.
CALHOUN, Assistant Attorney General for defendant in
error; and HOWARD F. BUTLER, Assistant District At-
torney General, Nashville, prosecuted case in the trial
court.

MR. JUSTICE DYER delivered the opinion of the Court.

William Earl Binkley, Lewis Raymond Prior and Eugene Kestner were indicted for the crime of burglary in the third degree and, upon proper charge of the court, convicted of attempt to commit the felony of burglary in the third degree. The appeal here is by the defendants Binkley and Prior. Defendant Kestner did not appeal. The assignments of error are summarized as follows:

1. The evidence preponderates against the verdict.

2. The trial court erred in refusing to grant defendants' motion for a mistrial on the ground a prosecution witness, Robert Dodson, had violated the separation rule, as to witnesses and the orders of the court, by taking part in a discussion of the facts in the presence of a preceding witness, Dallas Gregory.

On 24 August 1966, in the early morning hours, a grocery store at Berry and Meridian Streets in Davidson County, Tennessee, was broken into and $42.19 in cash

stolen. D. K. Wachtel, driving past this store in his car, noticed a window broken and heard the burglar alarm. Mr. Wachtel, observing a boy or man standing in or near this broken window, stopped his car and this boy or man ran down an alley. Mr. Wachtel then reported, via telephone, this matter to the police.

Patrolmen Dallas Gregory and Robert Dodson received a call about 4:00 A.M. in regard to this matter and were at the time eight or ten blocks away. These patrolmen proceeded to this store to find the window broken and the alarm still sounding. These officers did not, at this time, go into this store but parked their car in a dark alley where they could view the premises. In a few minutes these defendants with their co-defendant Kestner came up the street. Defendant Prior went into the building through the broken window. Defendant Binkley and co-defendant Kestner stationed themselves at different street corners. At this time the police drove their car toward this store. Defendant Binkley then ran to the door of this store, knocked upon this glass door, and running away from the scene dropped his billfold, which was recovered by the police and identified. Co-defendant Kestner ran from the scene. Defendant Prior came from inside the store through the broken window at the same time the police car arrived. Defendant Prior literally ran out of his shoes leaving them in front of the police car and also dropping a crow bar or tire tool he had in his hand.

A few minutes after the above incidents had taken place other officers arrived and a search was begun for these three men. Defendant Prior was found, barefooted, crouched behind a tree in a housing development. Co-defendant Kestner was found lying down in a parked

car. Defendant Binkley was found in bed at the home of a Mrs. Gann of Berry Street. The officers who had seen these three at the scene of the burglary identified them.

The evidence clearly makes a jury question on guilt or innocence. The first assignment of error is overruled.

In regard to the second assignment of error Patrolman Gregory testified as the second witness for the State and completed his testimony before lunch on the day in question. During the lunch recess on this day the Assistant District Attorney General talked with Patrolman Dodson about the facts of the case in the presence of Patrolman Gregory. Patrolman Gregory was not recalled for any further testimony. Under the facts in this record there was no prejudice to defendants.

Judgment affirmed.

BURNETT, CHIEF JUSTICE, CHATTIN and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.